UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

RUUD LIGHTING, INC.,

      Plaintiff,

v.                                                Case No. 10-C-280

COOPER LIGHTING, LLC,

      Defendant.

---

ILLUMINATION MANAGEMENT
SOLUTIONS, INC.,

      Plaintiff,

v.                                                Case No. 10-C-1120

ALAN RUUD, CHRISTOPHER RUUD,
and RUUD LIGHTING, INC.,

      Defendants.

---

ILLUMINATION MANAGEMENT
SOLUTIONS, INC.,

      Plaintiff,

v.                                                Case No. 11-C-34

RUUD LIGHTING, INC.,

      Defendant.

---

ORDER DENYING JOINT MOTION TO CONSOLIDATE FOR PRETRIAL PURPOSES
(DOC. 40), DENYING RUDD LIGHTING, INC'S MOTION TO CONSOLIDATE
(DOC. 33), AND SETTING STATUS CONFERENCE IN CASE NO. 10-C-280

      Ruud Lighting, Inc., filed a motion to consolidate the above captioned cases pursuant to Fed. R. Civ. P. 42(a). Recently, the parties filed a joint motion to consolidate

the cases for pretrial purposes only, reserving the right to transfer their respective claims back to the original court and to file an amended complaint in Case No. 10-C-1120. Moreover, the proposed order attached the joint motion provides "all claims against RLI in Case No. 11-cv-00034 JPS related to or arising from allegations of breach of fiduciary duty and civil conspiracy are hereby consolidated in Case No. 10-cv-01120 RTR styled *Illumination Management Solutions, Inc. v. Alan Ruud, Christopher Ruud, Ruud Lighting.*"

Rule 42 permits a district court to order the consolidation of "actions involving a common question of law or fact" that are "pending before the court." *United States for Use of Owens–Corning Fiberglass Corp. v. Brandt Const. Co.*, 826 F.2d 643, 647 (7th Cir. 1987). The purpose of joining actions is to promote convenience and judicial economy. *Johnson v. Manhattan Railway Co.*, 289 U.S. 479, 496–97, 53 S. Ct. 721, 77 L. Ed. 1331 (1933). Pursuant to Civil Local Rule 42(a)(E.D. Wis.), the motion to consolidate is decided by the court to whom the lowest case number is assigned. Ultimately, the decision to consolidate is committed to the sound discretion of the court. *See United States v. Knauer*, 149 F.2d 519, 520 (7th Cir.1945).

Having thoroughly reviewed the complaints filed in each of the three actions pending before three different courts in this district, this court is not persuaded that common questions of law and fact warrant consolidation. The first amended complaint pending before this court in *Ruud Lighting, Inc. v. Cooper Lighting, LLC*, Case No. 10-C-280, alleges direct infringement and inducement of infringement of Rudd's '469 and '835 patents. Neither Cooper Lighting, LLC, nor these patents appear in any other complaint.

Notwithstanding Alan Ruud, Christopher Ruud, and Ruud Lighting's attempt to characterize the complaints as differing "marginally" in their precise characterization of the cause of action, the case with the lowest number differs significantly from the two cases with higher case numbers. Indeed, the other two cases, *Illumination Management Solutions, Inc., v. Alan Ruud*, *Christopher Ruud, and Ruud Lighting Inc*., Case No. 10-C-1120, and *Illumination Management Solutions, Inc. v. Ruud Lighting, Inc*., Case No. 11-C-34, involve similar civil conspiracy claims.

The Ruud's motion for consolidation argues that the discovery in the higher numbered caseswill "not merely overlap; it will be identical" and that efficiency weighs strongly in favor of consolidating Illumination Management Solutions, Inc.'s "duplicative conspiracy claims." Perhaps that is why the parties seek to amend the complaint in Case No. 10-C-1120 and combine the two complaints into a single complaint pending before Judge Rudolph Randa. In any event, this court must speculate as to what may occur because the parties fail to indicate what the amendments will entail.

Similarities between the parties and claims now stated in the two higher numbered conspiracy cases do not warrant consolidation with the lowest numbered, patent infringement case involving different parties. Moreover, convenience to the parties is not the only factor to consider in consolidation. Judicial economy also plays a role. Finding that the complaints in the three cases do not suggest common issues of law and fact between the case before this court and the other two, this court further notes that the cases have proceeded on different tracks. The case before Judge Randa, *Illumination Management Solutions, Inc., v. Alan Ruud, Christopher Ruud, and Ruud Lighting Inc.*, Case No. 10-C-1120, was filed in California and set for a jury trial on September 27, 2011,

prior to its transfer to this district. Meanwhile, *Illumination Management Solutions, Inc. v. Ruud Lighting, Inc.*, Case No. 11-C-34, was filed in the Eastern District of Texas and scheduled for trial on May 14, 2012. No dates have been set in the case before this court. Nevertheless, the parties jointly seek consolidation conditionally for the purpose of discovery and Rule 12 motions. Even the Ruud's motion for consolidation acknowledges that the "distinct issues related to patent infringement, validity, and inequitable conduct, on the one hand, and the allegations of conspiracy, on the other may warrant separate trials." Hence, consolidation as requested would be counterproductive inasmuch as these cases may be returned to two other courts. Nothing in this court's decision precludes the parties from reaching agreements regarding the discovery to be taken in each of the three cases.

Now, therefore,

IT IS ORDERED that Ruud Lighting, Inc., Alan Ruud, and Christopher Ruud's motion to consolidate actions pursuant to Fed. R. Civ. P. 42(a) is denied. (Doc. 33.)

IT IS FURTHER ORDERED that the joint motion to consolidate for pretrial purposes only is denied. (Doc. 40.)

IT IS FURTHER ORDERED that the parties in Case No. 10-C-280 shall appear for a status conference on January 30th, 2012, at 3:00 p.m.

Dated at Milwaukee, Wisconsin, this 8th day of December, 2011.

                                              BY THE COURT

                                              /s/ C. N. Clevert, Jr.
                                              C. N. CLEVERT, JR.
                                              CHIEF U. S. DISTRICT JUDGE